# EXHIBIT A

Electronically Filed by Superior Court of California, County of Orange, 01/28/2022 02:03:13 PM.
30-2022-01243103-CU-MC-CXC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By Georgina Ramirez, Deputy Clerk.
Case 8:22-cv-00699 Document 1-1 Filed 03/31/22 Page 2 of 13 Page ID #:4

GENE J. STONEBARGER (SBN 209461)
STONEBARGER LAW, APC
101 Parkshore Drive, Suite 100
Folsom, CA 95630
Telephone: (916) 235-7140
gstonebarger@stonebargerlaw.com

MICHAEL E. VINDING (SBN 178359)
BRADY & VINDING
400 Capitol Mall, Suite 2640
Sacramento, CA 95814
Telephone: (916) 446-3400
Facsimile: (916) 446-7159
mvinding@bradyvinding.com

Attorneys for Plaintiffs and the Class

Assigned for all Purposes

Judge Peter Wilson
CX-102

# SUPERIOR COURT OF CALIFORNIA

## COUNTY OF ORANGE

| | |
|---|---|
| EDGAR GARCIA, an individual; and DEAN WEBB, an individual; on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>PELICAN INVESTMENT HOLDINGS GROUP, LLC d/b/a AAP, a Delaware Limited Liability Company; GUS RENNY, an individual and Corporate Officer; DEALER LOYALTY PROTECTION, LLC, a Delaware Limited Liability Company; AUTO KNIGHT MOTOR CLUB, INC., a California Corporation; THE FORTEGRA GROUP, LLC, a Delaware Limited Liability Company; TIPTREE INC., a Maryland Corporation; and SING For Service, LLC d/b/a MEPCO, an Illinois Limited Liability Company; and DOES 1 through 50, inclusive<br><br>Defendants. | CASE NO.: 30-2022-01243103-CU-MC-CXC<br><br>**CLASS ACTION**<br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227**<br><br>**DEMAND FOR JURY TRIAL** |

STONEBARGER LAW
A Professional Corporation

-1-
CLASS ACTION COMPLAINT

1  Plaintiffs EDGAR GARCIA and DEAN WEBB ("Plaintiffs"), on behalf of themselves
2  and all others similarly situated, complain and allege of Defendants PELICAN INVESTMENT
3  HOLDINGS GROUP, LLC d/b/a AAP, a Delaware Limited Liability Company ("AAP"); GUS
4  RENNY, an individual and Corporate Officer of AAP ("RENNY"); DEALER LOYALTY
5  PROTECTION, LLC, a Delaware Limited Liability Company ("DLP"); AUTO KNIGHT
6  MOTOR CLUB, INC., a California Corporation ("Auto Knight"); THE FORTEGRA GROUP,
7  LLC, a Delaware Limited Liability Company ("FORTEGRA"); TIPTREE INC., a Maryland
8  Corporation ("Tiptree"); and SING FOR SERVICE, LLC d/b/a MEPCO a Delaware Limited
9  Liability Company ("Mepco"); and DOES 1-50 (collectively "Defendants") as follows:

## I.
## INTRODUCTION

1. This action is brought on behalf of all consumers who have received unsolicited and un-consented to autodialed and/or prerecorded telephone calls on their cellular telephones and landline telephones from Defendants, in violation of the Federal Telephone Consumer Protection Act.

## II.
## JURISDICTION & VENUE

2. Defendants, and each of them, are business entities who conduct substantial business in California, including the County of Orange, who have caused both the respective obligations and liabilities of Defendants to arise in the County of Orange. Further, Plaintiffs are citizens of this County.

3. The amount in controversy exceeds the jurisdictional minimum of this Court.

4. Venue is proper in this jurisdiction under for TCPA claims pursuant to 47 U.S.C. §§ 227 (b)(3)(A-C) which provides:

> (3) Private right of action. A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State—
>
> (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

(C) both such actions.

If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

## III.

## THE PARTIES

### A.   Plaintiffs

5.   Plaintiff Edgar Garcia ("Plaintiff Garcia") is a resident of the County of Orange, in the State of California, who, during the relevant Class Period, received unsolicited and un-consented to autodialed and/or prerecorded telephone calls on his cellular telephone from Defendants and was solicited to pay money, and did pay money, to Defendants.  Plaintiff Garcia's wireless telephone number is included on the National Do Not Call Registry.

6.   Plaintiff Dean Webb ("Plaintiff Webb") is a resident of the County of Orange, in the State of California, who, during the relevant Class Period, received unsolicited and un-consented to autodialed and/or prerecorded telephone calls on his cellular telephone from Defendants and was solicited to pay money, and did pay money, to Defendants.

### B.   Defendants

7.   Defendant Pelican Investment Holdings Group, LLC ("AAP") is a Delaware Limited Liability Company, with its principal place of business, head office, or otherwise valid mailing address at 1300 Old Congress Rd, West Palm Beach, FL 33409. Defendant Pelican is the registered owner of the Fictitious Name AAP, holds itself out to the public as AAP and therefore will be referred to as "AAP".

8.   Defendant GUS RENNY ("RENNY"), is an individual and Corporate Officer of Pelican Investment Holdings Group, LLC ("AAP").

9.   Defendant DEALER LOYALTY PROTECTION, LLC ("DLP") is a Delaware Limited Liability Company, with its principal place of business, administrative office, or

-3-
CLASS ACTION COMPLAINT

1  otherwise valid mailing address at 10151 Deerwood Park Blvd., Suite 500, Jacksonville, FL
2  32256.
3      10.   Defendant AUTO KNIGHT MOTOR CLUB, INC. ("Auto Knight") is a
4  California Corporation, with its principal place of business, head office, or otherwise valid
5  mailing address at 10151 Deerwood Park Blvd., Suite 200, Jacksonville, FL 32256.
6      11.   Defendant THE FORTEGRA GROUP, LLC ("FORTEGRA") is a Delaware
7  Limited Liability Company, with its principal place of business, head office, or otherwise valid
8  mailing address at 10151 Deerwood Park Blvd., Suite 200, Jacksonville, FL 32256.
9      12.   Defendant TIPTREE INC. ("TIPTREE") is a Maryland Corporation, with its
10 principal place of business, head office, or otherwise valid mailing address at 299 Park Avenue,
11 13th Floor, New York, NY 10171.
12     13.   Defendant SING FOR SERVICE, LLC d/b/a MEPCO ("MEPCO") is a Delaware
13 Limited Liability Company with its principal place of business, head office, or otherwise valid
14 mailing address at 205 N. Michigan Avenue, Suite 2200, Chicago, IL 60601.
15     14.   Plaintiffs are unaware of the true names, capacities, or basis for liability of
16 Defendants Does 1 through 50, inclusive, and therefore sues said Defendants by their fictitious
17 names.  Plaintiffs will amend their complaint to allege their true names, capacities, or basis for
18 liability when the same have been ascertained.  Plaintiffs are informed and believes, and on that
19 basis alleges, that Defendants Does 1 through 50, inclusive, and each of them, are in some
20 manner liable to Plaintiffs, and/or are proper and necessary parties to this action in light of the
21 relief requested.
22     **C.   Agency and Aiding and Abetting**
23     15.   Plaintiffs are informed and believe, and based thereon alleges, that all Defendants,
24 including the fictitious Doe Defendants, were at all relevant times acting as actual agents,
25 conspirators, ostensible agents, partners, joint ventures and/or employees of all other Defendants,
26 acting in contract and concert, and that all acts alleged herein occurred within the course and
27 scope of said agency, employment, partnership, and joint venture, conspiracy or enterprise, and
28 with the express and/or implied permissions, knowledge, consent, authorization and ratification

-4-
CLASS ACTION COMPLAINT

of their Co-Defendants; however, each of these allegations are deemed "alternative" theories whenever doing so would result in a contradiction with the other allegations.

16. As an alternative theory, Plaintiffs are informed and believe, and on that basis alleges, that Defendants are alter egos of each other.  Plaintiffs are informed, believe, and on that basis alleges, that there is common control over Defendants, and they operate pursuant to a common business plan.  There is unity of interest among Defendants.  The alternative alter-ego relationship among the Defendants should be recognized to prevent an injustice.  If the alter-ego relationship among Defendants is not recognized, an inequity will result because an entity responsible for wrongdoing will be shielded from liability.  Moreover, the Co-Defendant entities that make, in whole or in part, the decisions concerning the wrongdoing alleged herein would escape liability, which is inequitable.  Furthermore, the alter-ego relationship should be recognized to ensure effective injunctive and declaratory relief, so that the wrongful practices alleged herein are not relocated to an affiliated company.

## IV.
## GENERAL ALLEGATIONS

17. In 1991, Congress enacted the Telephone Consumer Protection Act, "TCPA," 47 U.S.C. section 227 in response to a growing number of consumer complaints regarding telemarketing practices. The TCPA regulations promulgated by the FCC define "telemarketing" as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services." 47 C.F.R. § 64.1200(f)(12).

18. The TCPA regulates, among other items, the use of automated telephone equipment, also known as "autodialers." The language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the dialed party. The TCPA defines an "automatic telephone dialing system" ("ATDS") as "equipment that has the capacity - (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.

/ / /

19. In an action under the TCPA, a plaintiff must only show that the defendant called a number assigned to a cellular telephone service using an automatic dialing system or prerecorded voice. These telephone calls are prohibited because automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls. Further, such calls can be costly and inconvenient.

20. The Federal Communications Commission ("FCC") is empowered to issue rules and regulations implementing the TCPA. On or about January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed or prerecorded message telephone calls to a wireless number by a creditor, or on behalf of a creditor, are permitted only if the telephone calls are made with the "prior express consent" of the called party. In 2013, the FCC required "prior express written consent" for all such telemarketing calls to wireless numbers and residential lines.

21. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using … an artificial or prerecorded voice …." See 47 U.S.C. §§ 227 (b)(1)(A)(iii), (b)(2).

22. Defendants knowingly and willfully violated the automated-call requirements under 47 U.S.C. § 227(b)(3); and willfully and knowingly violated the do-not-call-list requirements under 47 U.S.C. § 227(c )(5).

23. During the relevant limitations period, Defendants placed one or more telephone calls to Plaintiffs' and the Class Members' cellular telephones, which telephone calls included a prerecorded voice for the purposes of furthering the sale of Vehicle Service Contracts (a/k/a Automobile Extended Warranties) constituting telemarketing. Plaintiffs allege on information and belief that the calls to Plaintiffs' cellular telephone were initiated by Defendants using an automatic telephone dialing system.

24. Defendants did not obtain Plaintiffs' prior express written consent before initiating the calls to Plaintiffs' cellular telephone.

25. Defendants made the unsolicited, automated and/or pre-recorded calls in an attempt to obtain money from Plaintiffs and the Class, and in fact were successful in obtaining

payments from Plaintiffs, including during the illegal telephone calls in the form of down payments on Vehicle Service Contracts.

## V.

## CLASS ACTION ALLEGATIONS

26. Plaintiffs bring this lawsuit as a class action under Code of Civil Procedure § 382. Plaintiffs seek to represent a Class of "all natural persons in the United States of America who, during the applicable statute of limitations, received a telephone call from Defendants that: (1) was made to their cellular telephone; (2) was initiated using an automatic telephone dialing system and/or an artificial or prerecorded voice; and (3) was initiated at a time when the called party had not given Defendants prior express consent for such calls." Excluded from the Class are all employees of Defendants, and the judicial officers to whom this matter is assigned.

27. This action has been brought and may properly be maintained as a class action because there is a well-defined community of interest in the litigation:

    a. **Numerosity:** The Class is so numerous that joinder of all members is impractical. Because Defendants operate large nationwide telemarketing schemes for the sale of Vehicle Service Contracts, there are numerous members of the Class.

    b. **Ascertainability:** The identities of the Class members are ascertainable from Defendants' records.

    c. **Common Questions Predominate:** There are questions of law and fact common to the Class, which questions predominate over any questions affecting only individual members. The principal issues include, *inter alia*:

        i. Whether Defendants negligently caused violations of the Telephone Consumer Protection Act, 47 U.S.C. section 227, when telemarketing to Plaintiffs and the Class;

        ii. Whether Defendants willfully caused violations of the Telephone Consumer Protection Act, 47 U.S.C. section 227, when telemarketing to Plaintiffs and the Class;

      iii. Whether Defendants used an automatic telephone dialing system to call Plaintiffs and the Class;

      iv. The legality of Defendants' policies and procedures for obtaining prior express consent from its customers to place calls to their cellular telephones;

      v. Whether Defendants place calls to cellular telephones using an artificial or prerecorded voice;

      vi. Whether Defendants' telephone calls include an advertisement and/or constitute telemarketing;

      vii. Whether Plaintiffs and the Class are entitled to damages for Defendants' actions; and

      viii. Whether Defendants should be enjoined from engaging in such conduct in the future.

d. ***Typicality:*** Based on the conduct described above, Plaintiffs' claims are typical of the claims of the members of the Class. Plaintiffs and all members of the Class have similar claims and remedies arising out of Defendants' common course of conduct complained of herein.

e. ***Adequacy:*** Plaintiffs will fairly and adequately protect the interests of the members of the Class. Plaintiffs are committed to vigorously litigating this matter, and have retained counsel experienced in handling class claims. Neither Plaintiffs nor Plaintiffs' counsel have any irreconcilable conflicting interests that might cause them not to vigorously pursue this claim.

f. ***Superiority:*** A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendants to comply with the law. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims. A class action is superior to other available means for the fair and efficient adjudication of this controversy since individual joinder of all members would be

impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would engender. Furthermore, since individual member's claims for damages are relatively modest, the expenses and burdens of litigating individual actions would make it difficult or impossible for individual members of the Class to redress the wrongs done to them. An important public interest will be served by addressing the matter as a class action, substantial economies to the litigants and to the judicial system will be realized, and the potential for inconsistent or contradictory adjudications will be avoided.

## VI.

### FIRST CAUSE OF ACTION

**Negligent Violations of Telephone Consumer Protection Act
47 U.S.C. Section 227, Et, Seq.**

*(Automated Telephone Dialing System and Prerecorded/Artificial Voice Calls)*

28. Plaintiffs, on behalf of themselves and all others similarly situated, realleges each and every preceding paragraph of this Class Action Complaint as if fully set forth herein.

29. The Telephone Consumer Protection Act (TCPA) provides, in pertinent part: "It shall be unlawful for any person… to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice - [...] (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call; [...]" 47 U.S.C. § 227(b)(1).

30. A person may bring an action based on a violation of the TCPA to "recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater." 47 U.S.C. § 227(b)(3)(B). If a court finds that the defendant

-9-
CLASS ACTION COMPLAINT

1 willfully and knowingly violated the TCPA, it may increase the amount of the award to a
2 maximum of three times this amount, or $1,500.00 per violation. 47 U.S.C. § 227(b)(3).
3       31. The foregoing acts and omissions of Defendant constitute numerous and multiple
4 negligent violations of the TCPA, including but not limited to each of the above cited provisions
5 of 47 U.S.C. section 227 et. seq. As a result of Defendants' negligent violations of 47 U.S.C.
6 section 227 et. seq., Plaintiffs and Class members are entitled to an award of $500.00 in statutory
7 damages for each and every call in violation of statute, pursuant to 47 U.S.C. section
8 227(b)(3)(B).
9       32. Plaintiffs and Class members are also entitled to and do seek injunctive relief
10 prohibiting Defendant's violation of the TCPA in the future.
11       WHEREFORE, Plaintiff and the Class pray for relief as set forth below.

## VII.

### SECOND CAUSE OF ACTION

**Negligent Violations of Telephone Consumer Protection Act**
**47 U.S.C. Section 227, Et, Seq.**

***(Calling Telephone Numbers on Do Not Call Registry)***

17       33. Plaintiffs, on behalf of themselves and all others similarly situated, realleges each
18 and every preceding paragraph of this Class Action Complaint as if fully set forth herein.
19       34. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o
20 person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber
21 who has registered his or her telephone number on the national do-not-call registry of persons
22 who do not wish to receive telephone solicitations that is maintained by the federal government."
23       35. 47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate
24 any call for telemarketing purposes to a residential telephone subscriber unless such person or
25 entity has instituted procedures for maintaining a list of persons who request not to receive
26 telemarketing calls made by or on behalf of that person or entity."
27       36. 47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to any
28 person or entity making telephone solicitations or telemarketing calls to wireless telephone

STONEBARGER LAW
A Professional Corporation

1 numbers."

2     37.    Defendants do not have a do not call database, and do not have a do not call
3 policy that is written.

4     38.    Defendants do not scrub their call lists against the national do not call list or
5 registry.

6     39.    Rather, Defendants routinely make calls to individuals that have listed their
7 telephone numbers on the National Do Not Call Registry.

8     40.    The foregoing acts and omissions of Defendant constitute numerous and multiple
9 negligent violations of the TCPA, including but not limited to each of the above cited provisions
10 of 47 U.S.C. section 227 et. seq. As a result of Defendants' negligent violations of 47 U.S.C.
11 section 227 et. seq., Plaintiffs and Class members are entitled to an award of $500.00 in statutory
12 damages for each and every call in violation of statute, pursuant to 47 U.S.C. section
13 227(b)(3)(B).

14     41.    Plaintiffs and Class members are also entitled to and do seek injunctive relief
15 prohibiting Defendant's violation of the TCPA in the future.

### VIII.

### THIRD CAUSE OF ACTION

**Knowing and/or Willful Violations of Telephone Consumer Protection Act
47 U.S.C. Section 227, Et, Seq.**

20     42.    Plaintiffs, on behalf of themselves and all others similarly situated, realleges each
21 and every preceding paragraph of this Class Action Complaint as if fully set forth herein.

22     43.    The foregoing acts and omissions of Defendants constitute numerous and multiple
23 knowing and/or willful violations of the TCPA, including but not limited to each of the above-
24 cited provisions of 47 U.S.C. section 227 et. seq.

25     44.    Each of these violations was a willful and knowing violation of the law and makes
26 Defendants liable for treble damages for each such violation in the amount of $1,500.00 per call.

27     45.    Plaintiffs and Class Members are also entitled to and do seek injunctive relief
28 prohibiting such conduct violating the TCPA by Defendants in the future.

STONEBARGER LAW
A Professional Corporation

WHEREFORE, Plaintiffs and the Class pray for relief as set forth below.

### PRAYER FOR RELIEF

WHEREFORE, on behalf of herself and all others similarly situated, Plaintiff demands judgment against Defendants and prays that this Court do the following:

1. That an order certifying the Class defined herein be entered designating Plaintiffs as representative of said Class and appointing Plaintiffs' attorneys as Class Counsel;
2. For statutory damages;
3. For injunctive relief against Defendants under each cause of action;
4. For actual damages in an amount according to proof;
5. For other equitable relief;
6. For attorneys' fees as provided by law;
7. For attorney fees and costs under California Code of Civil Procedure § 1021.5;
8. For prejudgment interest as provided by law;
9. For costs of suit; and
10. For such other and further relief as this Court deems just and equitable.

DATED: January 28, 2022                         STONEBARGER LAW, APC

                                                BRADY & VINDING

                                                By: *GJ Stonebarger*
                                                    Gene J. Stonebarger
                                                    Attorneys for Plaintiffs and the Class