1  **KILPATRICK TOWNSEND &**
   **STOCKTON LLP**
2  Raymond O. Aghaian (SBN 218294)
   raghaian@kilpatricktownsend.com
3  1801 Century Park East,  Suite 2300
   Los Angeles, CA 90067
4  Tel: 310 248 3830/ Fax: 310 860 0363

5  Sarah F. Glendon (SBN 329670)
   sglendon@kilpatricktownsend.com
6  Two Embarcadero Center, Suite 1900
   San Francisco, CA 94111
7  Tel: 415.576-0200 / Fax: 415.576.0300

8  Attorneys for Defendants
   **THE FORTEGRA GROUP, LLC,**
9  **TIPTREE, INC.**
   **AND AUTO KNIGHT MOTOR**
10 **CLUB**

11

12 **LOEB & LOEB LLP**
   Benjamin R. King (SBN 205447)
   bking@loeb.com
13 10100 Santa Monica Blvd., Suite 2200
   Los Angeles, CA 90067
14 Telephone: 310.282.2000
   Facsimile: 310.282.2200

15
   Attorney For Defendant
16 **SING FOR SERVICE, LLC**
   **d/b/a MEPCO**
17

18

19

20

21

**ENENSTEIN PHAM & GLASS LLP**
Teri T. Pham (SBN 193383)
tpham@enensteinlaw.com
650 Town Center Dr., Suite 840
Costa Mesa, CA 92626
Phone:  (714) 292-0262
Fax:     (714) 464-4770

**GUAGLARDI & MELITI, LLP**
Jason Nunnermacker (admitted *pro hac vice*)
jnunnermacker@adgmlaw.com
365 West Passaic Street, Suite 130
Rochelle Park, NJ 07662
Phone:  (201) 374-9090
Fax:     (201) 947-1010

Attorneys for Defendant
**DEALER LOYALTY**
**PROTECTION, INC.,**
**A WYOMING CORPORATION,**
**ERRONEOUSLY SUED AS**
**DEALER LOYALTY**
**PROTECTION, LLC, A**
**DELAWARE LIMITED LIABILITY**
**COMPANY**

**BECKSTRAND LAW OFFICES**
Dwight Beckstrand (SBN 256006)
dwight@beckstrandlaw.com1339 W
Darien Way
Santa Maria, California 93458
P: 805-235-7150
F: 800-317-0357

Attorney For Defendants
**PELICAN INVESTMENT**
**HOLDINGS, LLC AND GUS**
**RENNY**

22         **UNITED STATES DISTRICT COURT**

23         **CENTRAL DISTRICT OF CALIFORNIA**

24 EDGAR GARCIA, an individual; and
   DEAN WEBB, an individual; on
25 behalf of themselves and all others
   similarly situated,
26
27              Plaintiffs,

28         v.

Case No. 8:22-cv-00699

**DEFENDANTS' RESPONSE TO**
**PLAINTIFFS' MOTION FOR**
**RELIEF FROM ORDER**
**GRANTING MOTION TO STAY**

**CLASS ACTION**

1    PELICAN INVESTMENT
     HOLDINGS
2    GROUP, LLC d/b/a AAP, a Delaware
     Limited Liability Company; GUS
3    RENNY, an individual and Corporate
     Officer; DEALER LOYALTY
4    PROTECTION, LLC, a Delaware
     Limited Liability Company; AUTO
5    KNIGHT MOTOR CLUB, INC., a
     California Corporation; THE
6    FORTEGRA GROUP, LLC, a
     Delaware Limited Liability Company;
7    TIPTREE INC., a Maryland
     Corporation; and SING For Service,
8    LLC d/b/a MEPCO, an Illinois Limited
     Liability Company; and DOES 1
9    through 50, inclusive,

10             Defendants.

Hearing Date: September 19, 2022
Time:      1:30 p.m.
Ctrm.:     9B
Judge:     Hon. Cormac J. Carney

Complaint Filed:    March 31, 2022

1

## **TABLE OF CONTENTS**

2

Page(s)

3   I.   INTRODUCTION....................................................................................1

4   II.  FACTUAL AND PROCEDURAL BACKGROUND.............................2

5        A.   Communications before May 16 Deadline – Plaintiffs

6             unilaterally declare that the filing of an Amended

7             Complaint would moot Defendants' motion. ...................2

8        B.   Communications after May 16 deadline – Defendants

9             do not agree that Plaintiffs' Amended Complaint

10            moots Defendants' Motion to Stay. ...................................4

11  III. LEGAL ARGUMENT .............................................................................5

12       A.   Defendants did not engage in fraud and Rule 60(b)(3)

13            does not apply. ..................................................................5

14       B.   Because Plaintiffs made a deliberate decision not to

15            respond, Rule 60(b)(1) does not apply................................6

16       C.   The Pioneer-Briones factors do not apply; but if they

17            did, they favor Defendants...............................................8

18  IV.  CONCLUSION .....................................................................................10

19

20

21

22

23

24

25

26

27

28

# <u>TABLE OF AUTHORITIES</u>

Page(s)

**Cases**

*Bateman v. United States Postal Serv.*,
  231 F.3d 1220 (9th Cir. 2000)................................................................................7

*Briones v. Riviera Hotel & Casino*,
  116 F.3d 379 (9th Cir. 1997).............................................................................8, 9

*Cabot Golf CL-PP 1, LLC v. Cabot Golf CL-PP Acquisition, LLC*,
  CV 12-3740-GHK (SHX), 2013 WL 12404198 (C.D. Cal. Dec. 17, 2013) .........8, 9

*De Saracho v. Custom Food Mach., Inc.*,
  206 F.3d 874 (9th Cir. 2000)................................................................................5

*Graham v. United Servs. Auto. Ass'n*,
  CV-20-02210-PHX-DWL, 2021 WL 2780865 (D. Ariz. July 2, 2021)....................7

*Holman v. Bath & Body Works, LLC*,
  120CV01603NONESAB, 2021 WL 5826468 (E.D. Cal. Dec. 8, 2021),
  *report and recommendation adopted,* 1:20-CV-1603 JLT SAB, 2022 WL 463298
  (E.D. Cal. Feb. 15, 2022) .....................................................................................7

*In re Walker*,
  332 B.R. 820 (Bankr. D. Nev. 2005) ...................................................................8

*Latshaw v. Trainer Wortham & Co., Inc.*,
  452 F.3d 1097 (9th Cir. 2006)..............................................................................6

*Melo v. Zumper, Inc.*,
  20-CV-00714-PJH, 2020 WL 1891796 (N.D. Cal. Apr. 16, 2020)......................6, 9

*Pioneer Inv. Servs. Co. v. Brunswick Associates Ltd. P'ship*,
  507 U.S. 380 (1993) ..........................................................................................8, 9

**Other Authorities**

Fed. R. Civ. P. 41(a)(1)................................................................................................8

Fed. R. Civ. P. 60(b)(1) ...............................................................................1, 6, 8, 10

Fed. R. Civ. P. 60(b)(3) ...............................................................................................5

Local Rule 7-9 ..............................................................................................................2

DEFENDANTS' RESPONSE TO MOTION FOR
RELIEF FROM ORDER GRANTING MOTION TO STAY
CASE NO. 8:22-CV-00699

I.       INTRODUCTION

Plaintiffs' Motion for Relief from Order Granting Motion to Stay ("Motion for Relief") asks the Court to take the extraordinary step of setting aside its May 26, 2022 Order [Dkt. 26] granting Defendants' Motion to Stay Pending Arbitration ("Motion to Stay").  But Plaintiffs present an incomplete and inaccurate history of the communications between the parties.  Critically, Defendants never agreed that the filing of an Amended Complaint would moot the Motion to Stay.  In fact, the parties had no communications between May 5 (when Plaintiffs announced their intention to amend and their belief that amendment would moot the Motion to Stay) and May 16 (Plaintiffs' deadline to respond to the Motion to Stay).  Plaintiffs' allegation that Defendants fraudulently induced them to not respond to the Motion to Stay is thus nonsensical.

Plaintiffs also cannot show that their conduct constitutes the kind of negligent or careless "excusable neglect" for which Rule 60(b)(1) offers a remedy.  Plaintiffs made an intentional decision to not timely respond to the Motion to Stay because of a mistake of law.  Plaintiffs mistakenly believed that the filing of an Amended Complaint would moot the Motion to Stay.  But as the Court's decision to grant the Motion to Stay even after the filing of the Amended Complaint demonstrated, Plaintiffs were wrong.  Because Rule 60(b)(1) does not offer a remedy for a litigation miscalculation, Plaintiffs' Motion for Relief should be denied.

And even if the Court finds that Plaintiffs' conduct constitutes excusable neglect, the equities favor denial of their Motion for Relief.  Plaintiffs' Amended Complaint provides no defense to the Motion to Stay.  Plaintiffs do not deny that Defendants sent them terms and conditions and that Plaintiffs electronically assented to those terms, including an arbitration clause.  Granting Plaintiffs' Motion for Relief would prejudice Defendants by requiring them to incur the cost and expense of both litigating this motion and re-litigating the Motion to Stay.

- 1 -

1    The Court should deny Plaintiffs' Motion for Relief.

2    **II.    FACTUAL AND PROCEDURAL BACKGROUND**

3         **A.    Communications before May 16 Deadline – Plaintiffs unilaterally
              declare that the filing of an Amended Complaint would moot
4              Defendants' motion.**

5         Following removal of Plaintiffs' TCPA Complaint, counsel for the parties

6    participated in a telephonic meet and confer on April 22, 2022.  During that call, the

7    parties discussed evidence that Plaintiffs had opted into receiving calls and agreed to

8    binding arbitration provisions.  Decl. of Jason Nunnermacker ¶ 1.  Contrary to the

9    declaration of counsel for Plaintiffs, Michael Vinding did not indicate that Plaintiffs

10   had any plans to amend the Complaint during that call.  *Id.* While Mr. Vinding

11   suggested that some of Defendants' argument could be addressed through

12   amendment, he stated that an amendment was "not worth doing if the Complaint is

13   going to be attacked anyway." *Id.*  Following the meeting, counsel for Defendants

14   sent a list of the motions each Defendant planned to file, as well as documentary

15   evidence supporting Defendants' motions (including opt-in information for the

16   phone numbers at issue and proof that Plaintiffs had assented to the arbitration

17   clauses). *Id.* ¶ 2, Ex. A.  Neither counsel for Defendants' email nor counsel for

18   Plaintiffs' response references any possibility of amendment. *Id.*

19        Defendants filed their motions on April 29, 2022.  Dkts.  12, 14-15, 16-17.  In

20   addition to the Motion to Stay, each Defendant moved to dismiss for failure to state a

21   claim and lack of personal jurisdiction. *Id.*  The Motion to Stay did not rely on the

22   allegations of the Complaint.  Instead, it was supported by evidence presented

23   through the Declaration of Vajira Samaratatne, the Director of Operations for

24   Defendant Pelican Investment Holding Group, LLC.  Dkt. 15-2.  The motions

25   included a hearing date of June 6, 2022, meaning Plaintiffs' response would be due

26   on May 16, 2022.  Local Rule 7-9 (requiring response to be filed 21 days before the

27   hearing).

28

1    On May 2, 2022, Mr. Vinding sent an email requesting a change in the hearing

2  date from June 6 to June 20.  Nunnermacker Decl. ¶ 3 Ex. B.  The email notes that, if

3  the hearing date changed, Plaintiffs' response to the motions would be due on May

4  30, 2022.  *Id.*  Apparently based on this email, Mr. Vinding avers that he believed

5  Plaintiffs' response was due on May 30, 2022.  Dkt. 27-2 ¶ 9.  But Mr.

6  Nunnermacker responded on May 4, 2022 and indicated that, while June 20 was not

7  an available hearing date for the Court,  Defendants would consent to moving the

8  hearing to June 27, 2022.  Nunnermacker Decl. ¶ 3, Ex. B.  Had Plaintiffs then filed a

9  stipulation to continue the hearing (as Defendants did for the hearing on this motion),

10  their deadline to respond would have been June 6, 2022.  But Plaintiffs never filed a

11  stipulation.

12    Instead, counsel for Plaintiffs, Gene Stonebarger, emailed Defendants on May

13  5, 2022 and, for the first time, indicated that "Plaintiffs will be filing an Amended

14  Complaint."  *Id.* ¶ 3, Ex. B.  Mr. Stonebarger then unilaterally declared that "[t]he

15  Amended Complaint will moot the current responsive pleadings."  *Id.*  The email did

16  not address Defendants' offer to extend the hearing date through June 27.  Defendants

17  did not respond to this email or provide any indication that they agreed that the filing

18  of an Amended Complaint would moot the Motion to Stay.  *Id.*  Indeed, the parties

19  had no communications between that May 5 email and Plaintiffs' May 16 response

20  deadline.

21    And Plaintiffs took no further action to protect their rights.  Plaintiffs did not

22  file a motion to move the hearing, meaning the deadline remained May 16, 2022.

23  And Plaintiffs did not file a motion or confer with Defendants about whether the

24  filing of an Amended Complaint would moot their motion.  Instead, based on their

25  belief that filing the Amended Complaint would moot the Motion to Stay, Plaintiffs

26  did nothing.

27

28

- 3 -

**B.    Communications after May 16 deadline – Defendants do not agree that Plaintiffs' Amended Complaint moots Defendants' Motion to Stay.**

Because Plaintiffs believed that the Motion to Stay would be mooted by the Amended Complaint, Plaintiffs did not timely file a response to the motions on May 16, 2022.  On May 20, 2022, Plaintiffs filed their Amended Complaint.  Dkt. 24.

On May 25, 2022 – nine days after Plaintiffs' response deadline – Mr. Nunnermacker emailed counsel for Plaintiffs and asked (a) if the Defendants would be contacting the Court to vacate the June 6 hearing and (b) if Defendants were available to meet and confer on May 27 to discuss Defendants' plans to re-file their motions to stay and to dismiss.  Nunnermacker Decl. ¶¶ 4, Ex. C.  On May 26, 2022, Mr. Nunnermacker followed up again and requested a two-week extension of Defendants' current June 3 response deadline.  *Id.* Plaintiffs consented to the extension but did not address Defendants' question about contacting the Court to vacate the hearing.  *Id.*  The parties then scheduled a telephone conference to discuss the case schedule and to confer about Defendants' motions.  *Id.*

Plaintiffs cite these emails – which they falsely claim "were exchanged prior to the deadline for plaintiffs' opposition" – as evidence that Defendants had "agreed that the amended complaint mooted [*sic*]."  Dkt. 27-1 at 2:18, 5:2-3.  But Defendants sent these emails more than a week ***after*** Plaintiffs' response deadline. And the emails offer no indication that Defendants believed the Amended Complaint mooted the Motion to Stay.  Instead, the emails show only that, after Plaintiffs filed the Amended Complaint, Defendants planned to timely respond by re-filing their motions.  Nunnermacker Decl. ¶ 4.  Defendants, however, never agreed that the Amended Complaint mooted their prior motions.  *Id.*

And Plaintiffs made a decision to take no action to address the Motion to Stay or any of the other motions filed, choosing instead to amend to avoid doing the necessary labor of opposing Defendants' motion.  As a result, by choosing not to

- 4 -

1    timely respond to Defendants' motions or seek an extension, Plaintiffs ran the risk

2    that the Court would (appropriately) grant Plaintiffs' Motion to Stay.

3          On May 26, 2022, the Court granted Defendants' Motion to Stay.  Dkt. 26.

4    More than a week later, on June 6, 2022, Mr. Vinding reached out and asked if

5    Defendants would stipulate to vacating the Order.  Nunnermacker Decl. ¶ 5, Ex. D.

6    Defendants declined.  *Id.*  Plaintiffs then waited another 6 weeks, until July 22, to

7    finally file their Motion for Relief.  Dkt. 27.

8    **III.    LEGAL ARGUMENT**

9          **A.      Defendants did not engage in fraud and Rule 60(b)(3) does not
               apply.**

10

11         Under Federal Rule of Civil Procedure 60(b)(3), a losing party may seek

12   relief from judgment based on "fraud, ... misrepresentation, or other misconduct of

13   an adverse party."  "To prevail, the moving party must prove by clear and

14   convincing evidence that the verdict was obtained through fraud, misrepresentation,

15   or other misconduct and the conduct complained of prevented the losing party from

16   fully and fairly presenting the defense."  *De Saracho v. Custom Food Mach., Inc.*,

17   206 F.3d 874, 881 (9th Cir. 2000).

18         Plaintiffs fail to identify a single false statement by counsel for Defendants.

19   Indeed, in attempting to allege fraud against Defendants, Plaintiffs themselves make

20   demonstrably false statements.  Plaintiffs claim (without citation) that Defendants

21   made "written statements to the plaintiffs' attorneys acknowledging the pending

22   motion was moot."  Dkt. 27-1 at 7:5-7.  As detailed above, while Defendants

23   planned to timely respond to the Amended Complaint by refiling their motions,

24   Defendants ***never agreed that the Amended Complaint mooted their motions***.

25   Nunnermacker Aff. ¶ 4, Ex. B.  Nothing in Defendants' correspondence with

26   Plaintiffs suggests otherwise.

27         Plaintiffs then claim that Defendants made these allegedly false statements

28

- 5 -

1    "prior to the opposition deadline," and that "the statements were designed to lull the

2    plaintiffs into inaction in order to gain an advantage." Dkt. 27-1 at 1:10-12, 7.  But

3    Plaintiffs' opposition to the Motion to Stay was due on May 16, 2022.  The parties

4    had no communications between May 5 and May 25, 2022.  Nunnermacker Decl. ¶

5    3.  Mr. Nunnermacker sent the emails at issue on May 25 and May 26, 2022.  *Id.*

6    Plaintiffs' suggestion that Defendants enticed them to miss a deadline through

7    communications that occurred ***after the deadline*** defies credulity.

8         The Court should decline to set aside the Order based on fraud.

9    **B.     Because Plaintiffs made a deliberate decision not to respond, Rule
            60(b)(1) does not apply.**

10

11        Federal Rule of Civil Procedure 60(b)(1) allows a court to relieve a party

12   from a final judgment on the basis of "mistake, inadvertence, surprise, or excusable

13   neglect." Fed. R. Civ. P. 60(b)(1).  Rule 60(b)(1), however "is not intended to

14   remedy" a "mistake of law" or  "the effects of a litigation decision that a party later

15   comes to regret . . . ." *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097,

16   1101 (9th Cir. 2006).  "This includes not only an innocent, albeit careless or

17   negligent, attorney mistake, but also intentional attorney misconduct. Such mistakes

18   are more appropriately addressed through malpractice claims." *Id.*; *see also Melo v.*

19   *Zumper, Inc.*, 20-CV-00714-PJH, 2020 WL 1891796, at *3 (N.D. Cal. Apr. 16,

20   2020) (finding Rule 60(b)(1) intended to address misunderstandings and

21   carelessness, not "a voluntary action on the part of plaintiff based on a mistaken

22   understanding of the Federal Rules of Civil Procedure").

23        Plaintiffs did not negligently miss a filing deadline.  They made an

24   ***intentional decision*** to not respond to the Motion to Stay based on a mistake of law

25   they later came to regret.  On May 5, Plaintiffs affirmatively represented to

26   Defendants that "[t]he Amended Complaint will moot the current responsive

27   pleadings." Nunnermacker Decl. ¶ 3, Ex. B.  Based on that mistaken belief,

28

- 6 -

1    Plaintiffs *made a decision* that they did not need to respond to the motions or file a

2    stipulation extending their deadline to respond to the motions.[1]  Rather than timely

3    prepare a response to the Motion to Stay, Plaintiffs filed an Amended Complaint on

4    May 20, 2022 – four days after the deadline to respond.

5         Plaintiffs' intentionality distinguishes this case from "excusable neglect"

6    cases like *Bateman v. United States Postal Serv.*, 231 F.3d 1220, 1223-24 (9th Cir.

7    2000).  Dkt. 27-1 at 8 (discussing *Bateman*).  In *Bateman*, counsel left the country

8    believing he had obtained an extension to respond to summary judgment.  He did

9    not see the response from opposing counsel denying his request until it was too late.

10   231 F.3d at 1222-23.  Although the Court chided the attorney for failing to ensure

11   coverage during his absence, it was clear that his "errors resulted from negligence

12   and carelessness," not strategic failure.  *Id.*

13        Plaintiffs, in contrast, ***intentionally decided*** not to respond to Defendants'

14   Motion to Stay based on a mistaken belief that the filing of an Amended Complaint

15   would moot the Motion to Stay.  And unlike in *Bateman*, Plaintiffs' decision not to

16   timely respond could not have been based on any misunderstanding about its

17   communications with Defendants.  The parties had no communications between

18   May 5 – when Plaintiffs announced their intention to file an Amended Complaint

19   that "will moot the current responsive pleadings" – and the May 16, 2022 response

20   deadline.  Nunnermacker Decl. ¶ 3.  Plaintiffs decided not to respond based on their

21   own, mistaken understanding of the law.

---

[1] Motions to compel or stay pending arbitration are based on consideration of evidence, not the pleadings.  *See, e.g.*, *Holman v. Bath & Body Works, LLC*, 120CV01603NONESAB, 2021 WL 5826468, at *16 (E.D. Cal. Dec. 8, 2021), *report and recommendation adopted,* 1:20-CV-1603 JLT SAB, 2022 WL 463298 (E.D. Cal. Feb. 15, 2022); *Graham v. United Servs. Auto. Ass'n*, CV-20-02210-PHX-DWL, 2021 WL 2780865, at *1 (D. Ariz. July 2, 2021).  As a result, the filing of an amended complaint does not automatically moot a motion to stay pending arbitration.  Indeed, the Court granted the Motion to Stay after Plaintiffs filed the Amended Complaint.

- 7 -

1    This case is therefore more like *Cabot Golf*, where the plaintiff had filed three

2    related cased and, planning to focus only on a Texas federal case, voluntarily

3    dismissed California state and federal court cases. *Cabot Golf CL-PP 1, LLC v.*

4    *Cabot Golf CL-PP Acquisition, LLC*, CV 12-3740-GHK (SHX), 2013 WL

5    12404198, at *3 (C.D. Cal. Dec. 17, 2013).  The plaintiff's decision, however, ran

6    afoul of Rule 41's "two-dismissal rule." *See* Fed. R. Civ. P. 41(a)(1) ("But if the

7    Plaintiff previously dismissed any federal-or state-court action based on or including

8    the same claim, a notice of dismissal operates as an adjudication on the merits.").

9    Judge King rejected counsel's argument that their action constituted "excusable

10   neglect," finding that "Rule 60(b)(1) is not intended to remedy mistakes that were

11   the result of deliberate and counseled decisions that a party later comes to regret."

12   *Id.*  The court explained that "[w]hether or not Plaintiffs or counsel were aware that

13   their decision to dismiss this action invoked the two-dismissal rule, we cannot

14   relieve Plaintiffs from their affirmative decision to dismiss this action." *Id*.

15   So too here.  Believing that the filing of an Amended Complaint would

16   automatically moot the Motion to Stay, Plaintiffs made an affirmative decision not

17   to respond.  The Court should not relieve Plaintiffs of the outcome of that decision.[2]

18   **C.    The *Pioneer-Briones* factors do not apply; but if they did, they**
             **favor Defendants.**
19

20   In cases involving excusable neglect, courts apply a set of equitable factors

21   articulated by the Supreme Court in *Pioneer Inv. Servs. Co. v. Brunswick Associates*

22   *Ltd. P'ship*, 507 U.S. 380, 386 (1993) and the Ninth Circuit in *Briones v. Riviera*

23   _____

24   [2] Citing a Bankruptcy Court case from Nevada, Plaintiffs separately seek relief on
     the basis of "surprise." Dkt. 27-1 at 6.  Courts generally address surprise as part of
25   excusable neglect. Indeed, even in the case cited by Plaintiffs, the Court found no
     basis for independent relief based on "surprise." *In re Walker,* 332 B.R. 820, 829
26   (Bankr. D. Nev. 2005).  In any case, because the parties did not communicate
     between May 5 and May 16, any surprise was the result of Defendants' mistake of
27   law.

28

- 8 -

1   *Hotel & Casino*, 116 F.3d 379, 382 (9th Cir. 1997).  *See* Dkt. 27-1 at 7 (identifying

2   factors).  Because this case involves an intentional decision to not respond, not

3   excusable neglect, the *Pioneer-Briones* factors do not apply.  *See Melo*, 2020 WL

4   1891796, at *3 (finding the *Pioneer-Briones* factors did not apply because case

5   involved "<u>voluntary action</u> on the part of plaintiff based on a mistaken

6   understanding of the Federal Rules of Civil Procedure," not "excusable neglect")

7   (emphasis in original)); *Cabot Golf*, 2013 WL 12404198, at *4 ("The *Pioneer-

8   Briones* factors are only applicable in the 'excusable neglect' context.")  But even if

9   those factors did apply, they counsel against re-opening the Motion to Stay.

10          First, re-opening the Motion to Stay would prejudice Defendants.  Plaintiffs'

11   Amended Complaint offers the Court no basis to deny the Motion to Stay.

12   Requiring Defendants to unnecessarily incur the time and cost to brief and argue

13   both this Motion for Relief and the Motion to Stay would prejudice Defendants.

14   The documentary evidence attached to the Motion to Stay showed that Plaintiffs

15   agreed to arbitration by scrolling through the Ultimate Smart Club Agreement that

16   included an arbitration clause and clicking "Agree."  *See* Dkt 15-2 (Affidavit of

17   Vahira Samararatne) ¶ 4 (attaching documentation evidence).  This Court found that

18   the Ultimate Smart Club Agreement was a valid and enforceable "clickwrap"

19   agreement, and that any other issues about the scope of the agreement should be

20   decided by the arbitrator.  Dkt. 26 at 5-6.

21          The Amended Complaint includes no allegations denying that Plaintiffs

22   electronically agreed to terms and conditions that included an arbitration clause.

23   Plaintiffs argue that paragraphs 36 through 39 of the Amended Complaint show

24   Plaintiffs did not agree to arbitration.  Dkt. 27-1 at 3.  But the allegations of the

25   Amended Complaint confirm that Plaintiffs received a link for policy confirmation.

26   Dkt. 24 ¶ 38 ("Defendants send a link to the consumer 'for Policy confirmation' at

27   'http://vsc-confirmation.com . . ..'").  Tellingly, Plaintiffs do not deny either that one

28

- 9 -

1    of the terms in the link was an arbitration clause or that they agreed to the

2    electronically assented to the terms.  *Id.*  The fact that Defendants allegedly later

3    sent a separate, paper copy of the agreement is irrelevant.  Dkt. 24 ¶ 39.  Plaintiffs

4    had already electronically assented to the terms and conditions of the policy,

5    including the arbitration clause.  If Plaintiffs wanted to opt-out of the arbitration

6    clause, they could have provided written notice.  Dkt. 15-1 at 3-4.  They did not.

7    Dkt. 15-2 ¶ 6.  Re-opening the Motion to Stay to consider an amended pleading that

8    would not change the outcome of that motion would prejudice Defendants.

9         Second, there has been a substantial delay without valid excuse.  Plaintiffs

10    filed their Motion for Relief nearly two months after the Court's Order.  Dkt. 27.

11    They offer no justification for their delay.  Including the briefing and hearing,

12    Plaintiffs' mistake of law will delay resolution of the case by nearly six months

13         Third, Plaintiffs did not make a "good faith" inadvertent or careless mistake.

14    As detailed above, Plaintiffs made a decision not to respond to the Motion to Stay

15    based on their incorrect belief that the filing of an Amended Complaint would moot

16    the Motion to Stay.  The parties had no communications between May 5 and

17    Plaintiffs' May 16 deadline to respond to the Motion to Stay.  Counsel for Plaintiffs

18    made an intentional decision to not respond to the Motion to Stay based on a

19    mistake of law.  That is not the kind of "good faith" mistake for which Rule 60(b)(1)

20    offers a remedy.

21    **IV.    CONCLUSION**

22         For the foregoing reasons, this Court should deny Plaintiffs' Motion for

23    Relief from Order Granting Motion to Stay.

24

25                **<u>ATTESTATION OF E-FILED SIGNATURE</u>**

26         I, Sarah F. Glendon, am the ECF User whose ID and password are being used

27    to file this Defendants' Response to Plaintiffs' Motion for Relief From Order

28

- 10 -

Granting Motion to Stay.  In compliance with Local Rule 5-4.3.4(a)(2)(i), I hereby attest that counsel for Defendant(s) has/have concurred in this filing.


Respectfully submitted,

Dated:  August 12, 2022     KILPATRICK TOWNSEND & STOCKTON LLP

By:  */s/ Sarah F. Glendon*
    RAYMOND O. AGHAIAN
    SARAH F. GLENDON

Attorneys for Defendants
**THE FORTEGRA GROUP, LLC, TIPTREE, INC. AND AUTO KNIGHT MOTOR CLUB**

Dated: August 12, 2022      LOEB & LOEB LLP

By:  */s/ Benjamin R. King*
    BENJAMIN R. KING
Attorney for Defendant
**SING FOR SERVICE, LLC d/b/a MEPCO**

Dated: August 12, 2022      ENENSTEIN PHAM & GLASS

By:  */s/ Teri T. Pham*
    TERI T. PHAM
Attorneys for Defendant
**DEALER LOYALTY PROTECTION, INC.**

Dated August 12, 2022       BECKSTRAND LAW OFFICES

By:  */s/ Dwight Beckstrand*
    DWIGHT BECKSTRAND
Attorney For Defendants
**PELICAN INVESTMENT HOLDINGS, LLC AND GUS RENNY**

DEFENDANTS' RESPONSE TO MOTION FOR
RELIEF FROM ORDER GRANTING MOTION TO STAY
CASE NO. 8:22-CV-00699