GENE J. STONEBARGER (Cal. State Bar No. 209461)
gstonebarger@stonebargerlaw.com
STONEBARGER LAW, APC
101 Parkshore Drive, Suite 100
Folsom, CA 95630
Telephone: (916) 235-7140

MICHAEL E. VINDING (Cal. State Bar No. 178359)
mvinding@bradyvinding.com
BRADY & VINDING
400 Capitol Mall, Suite 2640
Sacramento, CA 95814
Telephone: (916) 446-3400

Attorneys for Plaintiffs and the Class

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| EDGAR GARCIA, an individual; and DEAN WEBB, an individual; on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> PELICAN INVESTMENT HOLDINGS GROUP, LLC, a Delaware Limited Liability Company, d/b/a AAP and AUTO SERVICE DEPARTMENT; GUS RENNY, an individual and Corporate Agent; DEALER LOYALTY PROTECTION, INC., a Wyoming Corporation; RICHARD BENEVENTO, an individual and Corporate Agent, AUTO KNIGHT MOTOR CLUB, INC., a California Corporation; THE FORTEGRA GROUP, LLC, a Delaware Limited Liability Company; TIPTREE INC., a Maryland Corporation; and SING For Service, LLC d/b/a MEPCO, an Illinois Limited Liability Company; and DOES 1 through 50, inclusive <br><br> Defendants. | Case No.: 8:22-CV-00699-CJC-ADS <br><br> **CLASS ACTION** <br><br> **PLAINTIFFS' OPPOSITION TO DEFENDANT DEALER LOYALTY PROTECTION, INC.'S JOINDER IN CO-DEFENDANTS AUTO KNIGHT MOTOR CLUB, INC., THE FORTEGRA GROUP, LLC, AND TIPTREE, INC.'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM** <br><br> Date:  November 14, 2022 <br> Time:  1:30 <br> Ctrm:  9B <br> Judge:  Hon. Cormac J. Carney |

STONEBARGER LAW
A Professional Corporation

## I.    INTRODUCTION

Plaintiffs EDGAR GARCIA and DEAN WEBB ("Plaintiffs"), on behalf of themselves and all others similarly situated, respectfully submit this Opposition to Defendant Dealer Loyalty Protection, Inc.'s ("DLP") Joinder in the Fortegra Defendants' Motion to Dismiss For Failure To State A Claim ("Fortegra MTD").

DLP attempts to join piecemeal in Fortegra's Motion to Dismiss [Dkt. 40], which was specific to the Fortegra Defendants. [Dkt. 43, p. 2]. DLP does not join in any argument relating to personal jurisdiction under Rule 12(B)(2) advanced by the Fortegra Defendants in their Motion, and has thus conceded to personal jurisdiction. [Dkt. 43, p. 2].

DLP simply states that it joins in the Fortegra Defendants' "Motion to Dismiss This Matter for Failure to State a Claim Pursuant to Federal Rule 12(B)(6)." *Id.* However, the Fortegra Defendants MTD seeks relief only for the Fortegra Defendants and advances arguments specific to the Fortegra Defendants. The Fortegra MTD does not seek any relief for the benefit of DLP, and thus DLP's joinder does nothing more than inform the Court that DLP agrees with the Fortegra Defendants' Motion and DLP agrees with the relief that Fortegra Defendants seek for the Fortegra Defendants. Put simply, DLP has disavowed any legal connection, contractual or otherwise (e.g., affiliation, subsidiary/parent company, agency, etc.), with the Fortegra Defendants and, as such, has no legal basis to seek dismissal on the same legal basis.

DLP advance no independent arguments as to its conduct or the allegations being made against it. Plaintiffs' have sufficiently alleged in the FAC that DLP had knowledge and ratified the illegal calls that it profited from as set forth below. However, to the extent that the Court requires more, Plaintiffs are informed and believe that if preliminary written discovery is allowed, it will reveal the chain of contracts amongst the Defendants tying them together, as well as deposition discovery will establish the common knowledge of the illegal conduct between and

amongst the Defendants, including executives of DLP. "Discovery may be appropriately granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Alcon Entm't, v. Autos. Peugeot SA*, 2019 U.S. Dist. LEXIS 226737, *12-15 (C.D. Ca. October 30, 2019) citing *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008) (quoting *Data Disc, Inc. v. Systems Tech. Assoc, Inc.*, 557 F.2d 1280, 1285 n.1 (9th Cir. 1977)).

## II.   FACTUAL AND PROCEDURAL BACKGROUND

Defendants Dealer Loyalty Protection, INC. ("DLP") and The Fortegra Group, LLC ("Fortegra") conspired to create a common scheme of selling VSCs across the country. [Dkt. 24, ¶17]. DLP, through Richard Benevento, conspired with Pelican Investment Holdings Group, LLC, d/b/a AAP and Auto Service Department ("Pelican" or "AAP"), through Gus Renny, to engage in an aggressive automated prerecorded telephone calling campaign whereby Defendants would blanket the country, including California residents, with unsolicited VSC sales calls, including calls to people on the National Do Not Call ("DNC") Registry. [Dkt. 24, ¶18]. AAP acted as an Agent for all Defendants in carrying out the illegal telephone calling campaign. *Id.*

Defendant Benevento is an individual, and Corporate Agent of DLP. [Dkt. 24, ¶10]. Plaintiffs are informed and believe that Benevento is a primary resident of New Jersey; and obtained licensing as a California "Resident Insurance Producer" from the California Department of Insurance using a Morgan Hill, California address where he did not reside. *Id.* Benevento is licensed by the California Department of Insurance as a California Resident Insurance Producer "Motor Club Agent." *Id.* Plaintiffs are informed and believe that Benevento does not possess any other licensing from the California Department of Insurance. *Id.* Benevento, was the Corporate Agent on behalf of DLP who assisted in orchestrating the common scheme by all Defendants to willfully and knowingly engage in the illegal conduct

STONEBARGER LAW
A Professional Corporation

as set forth herein. *Id.*

AAP, DLP, Fortegra and Auto Knight Motor Club, Inc., ("Auto Knight") conspired with Sing For Service, LLC d/b/a Mepco ("Mepco") for Mepco to act as an Agent to process payments to finance the consumers' VSC policy's monthly insurance premium payments. [Dkt. 24, ¶19]. After AAP processed the initially payment during the illegal call, Mepco processed the remaining payments from consumers who fell victim to this common scheme through the illegal telephone calling campaign, including payments from Plaintiffs and the Class. *Id.* DLP, and all Defendants acting in concert, had full knowledge of the calling campaign, ratified it, and profited from it. [Dkt. 24, ¶¶16-20.]

Plaintiffs and members of the Class made payments to Defendants over the phone, consummating and completing the contractual relationship, without receiving any prior documentation. [Dkt. 24, ¶35.] These initial down payments are initially processed and collected by AAP, and all subsequent payments by Plaintiffs and the Class were handed off from APP and processed and collected by Mepco. *Id.*

Defendants, in a common scheme, made the unsolicited, automated and/or pre-recorded calls in an attempt to obtain money from Plaintiffs and the Class, and in fact were successful in obtaining payments from Plaintiffs, including during the illegal telephone calls (either approved or ratified by all Defendants) in the form of payments on what amounted to VSCs. [Dkt. 24, ¶¶ 41-45].

## III.    LEGAL STANDARD ON MOTION TO DISMISS

To withstand a motion to dismiss pursuant to 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint is plausible on its face when plaintiff pleads factual content necessary for the court to draw the reasonable inference that the defendant is liable for the conduct alleged. *Id.* "As long as, in the end, the pleadings give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests, the theory of notice pleading

STONEBARGER LAW
A Professional Corporation

is satisfied." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). A motion to dismiss the complaint under Rule 12(b)(6) is not proper "unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* at 45-46.

As a general rule, district courts may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. *Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir. 2001). When ruling on a Rule 12(b)(6) motion to dismiss, if a district court considers evidence outside the pleadings, it must normally convert the 12(b)(6) motion to a Rule 56 motion for summary judgment, and it must give the non-moving part an opportunity to respond." *United States v. Ritchie,* 342 F.3d 903, 907-907 (9th Cir. 2003).

## IV. LEGAL ARGUMENT

The TCPA makes it unlawful for a person to "make any telephone call" that violates the technical standards prescribed by the Act. 47 U.S.C. § 227(d)(1)(A). The 9th Circuit has recognized that vicarious liability under the TCPA extended to any form of agency and rejected the argument vicarious liability was limited to the "merchant" directly benefitting behind the solicitation. *Gomez v. Campbell-Ewald Co.*, 768 F.3d 871 (9th Cir. 2014) ("a defendant may be held vicariously liable for TCPA violations where the plaintiff establishes an agency relationship, as defined by federal common law, between the defendant and a third-party caller.")

The Federal Communications Commission (FCC)'s declaratory ruling in *In re Dish Network* acknowledges the possibility of vicarious liability for TCPA violations under agency principles, including formal agency, apparent authority, and ratification. *See In re Dish Network, LLC*, 28 F.C.C. Rcd. at 6584 ¶ 28 ("[W]e find that the seller may be held vicariously liable under federal common law principles of agency for TCPA violations committed by third-party telemarketers . . . under a broad range of agency principles."). "A plaintiff can establish an agency relationship, and therefore vicarious liability under the TCPA, using the 'bedrock

theories of agency,' actual authority, apparent authority, and ratification." *Jones v. Royal Admin. Servs., Inc.*, 887 F.3d 443, 449 (9th Cir. 2018).

Actual authority is limited to actions "specifically mentioned to be done in a written or oral communication" or "consistent with" a principal's "general statement of what the agent is supposed to do." *Salyers v. Metro. Life Ins. Co.*, 871 F.3d 934, 940 (9th Cir. 2017). "Apparent authority arises from the principal's manifestations to a third party that supplies a reasonable basis for that party to believe that the principal has authorized the alleged agent to do the act in question." *NLRB v. Dist. Council of Iron Workers*, 124 F.3d 1094, 1099 (9th Cir. 1997)) (citing *NLRB v. Donkin's Inn*, 532 F.2d 138, 141 (9th Cir. 1976), cert. denied, 429 U.S. 895 (1976)).

Ratification is "'the affirmance of a prior act done by another, whereby the act is given effect as if done by an agent acting with actual authority.'" *Kristensen v. Credit Payment Servs. Inc.*, 879 F.3d 1010, 1014 (9th Cir. 2018) (quoting RESTATEMENT § 4.01(1)). It "may create an agency relationship when none existed before if the acts are done by an actor ... who is not an agent but pretends to be." *Id.* A principal may ratify a third party's acts: by either a "knowing acceptance of the benefit" or through "willful ignorance." *Henderson*, 918 F.3d 1068, 1073–74 (9th Cir. 2019) (citing RESTATEMENT § 4.01 cmt. d). To prove knowing acceptance, there must be "an objectively or externally observable indication ... that the principal has exercised choice and has consented" to the acts of the purported agent. *Id.*

A principal that is "willfully ignorant" might not know the material facts, but ratifies "with awareness that such knowledge was lacking." *Id.* at cmt. b. "In effect, the principal can ratify the act of a third party—thereby making the third party the principal's agent—even if it does not know all the material facts, but it must be aware that it does not know the material facts and ratify anyway." *Henderson*, 918 F.3d at 1074.

/ / /

PLAINTIFFS' OPPOSITION TO DEFENDANT DEALER LOYALTY PROTECTION, INC.'S JOINDER IN CO-DEFENDANTS AUTO KNIGHT MOTOR CLUB, INC., THE FORTEGRA GROUP, LLC, AND TIPTREE, INC.'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

STONEBARGER LAW
A Professional Corporation

Plaintiffs have sufficiently alleged, as set forth above, that DLP knew of the allegedly unlawful calls and then ratified that conduct despite being apprised of the material facts, or in the alternative it can be inferred from the FAC that the Fortegra Defendants were at least aware that their knowledge was lacking and ratified it anyway.

## V.   CONCLUSION

In sum, Plaintiffs' have sufficiently alleged in the FAC DLP's knowledge and ratification of the illegal calls that it profited from as set forth herein. However, to the extent that the Court requires more, Plaintiffs are informed and believe that if preliminary discovery is allowed, it will reveal the chain of contracts amongst the Defendants tying them together as well as elicit deposition testimony that will establish the common knowledge and financial goals of the illegal conduct at issue amongst the Defendants, including executives of DLP.

DATED: October 17, 2022            STONEBARGER LAW, APC

BRADY & VINDING

By:  /s/ Gene J. Stonebarger
STONEBARGER LAW, APC
Attorneys for Plaintiffs and the Class

STONEBARGER LAW
A Professional Corporation